IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-1643** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I.    Procedural Background.**

On May 2, 2013, Petitioner Clarence Schreane, an inmate at USP-Lewisburg in Lewisburg, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the Eastern District of Pennsylavnia.[1] (Doc. 1). Petitioner also filed a lengthy 17-page handwritten Brief in support of his habeas petition with an Exhibit attached thereto. (Id.). Petitioner paid the filing fee. (Id.). Named as Respondents in this habeas petition are the United States of America and the United States District Court for the Eastern District of Tennessee.[2] On

---

[1]We note that Petitioner Schreane has previously filed three *Bivens* civil rights actions, under 28 U.S.C. § 1331, with this Court, to wit: Civil Docket No. 3:10-CV-1765, M.D. Pa., *Schreane v. Holt, et al.*, which Petitioner is currently appealing to the Third Circuit; Civil Docket No. 3:11-CV-0613, M.D. Pa., *Schreane v. Seana, et al.*, which was dismissed on May 30, 2012, and subsequently affirmed by the Third Circuit on December 13, 2012; and Civil Docket No. 3:13-CV-1057, M.D. Pa., *Screane v. Thomas, et al.*, which was filed on April 23, 2012, and is still pending before this Court.

[2]Insofar as Petitioner has filed a petition for habeas under § 2241, he has not named the correct Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Thus, the correct Respondent in this case is Jeff Thomas, Warden at USP-

May 16, 2013, the District Court for the Eastern District of Pennsylvania issued an Order transferring the instant petition to the Middle District of Pennsylvania.[3] (Doc. 2) The habeas petition has not yet been served on Respondents for a response. In this §2241 habeas petition, Petitioner essentially raises four grounds for habeas relief. First, he claims that his initial arrest, on December 17, 1997, was unlawful and violated his *Miranda* rights. Second, Petitioner alleges that his custody amounts to a violation of the Interstate Agreement on Detainers, and as such, his charges should have been dropped before trial. Third, Petitioner asserts a constitutional violation occurred based upon an alleged lack of due process regarding the evidence used against him at trail. Fourth, Petitioner alleges so-called *Brady* violations, arguing that the prosecution withheld exculpatory evidence at his trial. As relief, Petitioner requests that his federal conviction be overturned and that he be released from confinement. (Doc. 1, p. 7).

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-

---

Lewisburg.

[3]Proper venue of Petitioner's habeas petition is in the U.S. District Court for the Middle District of Pennsylvania since Petitioner is incarcerated in this District. *See Rumsfeld v. Padilla*, *supra*.

1773, M.D. Pa.[4]

Based on well-settled precedent, we find that Petitioner Schreane's remedy with respect to his claims is a §2255 motion, not a § 2241 habeas petition, as he has presently filed.

**II.   Factual Background**.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States District Court for the Eastern District of Tennessee.[5] Pursuant to that conviction, Petitioner was sentenced, on October 5, 2001, to a sentence of three hundred twenty seven (327) months incarceration and five (5) years supervised release. Subsequently, Petitioner appealed that sentence to the Sixth Circuit Court of Appeals, and they affirmed the District Court's judgment of sentence on June 11, 2003. After the Sixth Circuit Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking to appeal to the Supreme Court, but was denied on November 5, 2003.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regards to his sentence. The District Court for the Eastern District of Tennessee denied that motion as time-barred by the statute of limitations on December 13, 2004. Petitioner filed a second § 2255 Motion to Vacate on February 19, 2009. On May 27, 2009, the District Court ordered that Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit

---

[4]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[5]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a felon. We accessed the Docket at https://ecf.tned.uscourts.gov.

Court of Appeals since he had not received permission to file a successive §2255 motion, as required. On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255 motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under § 2255, each of which was denied by the Sixth Circuit Court of Appeals. Most recently, in May 2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the denial of his § 2255 motion in 2004. The Sixth Circuit Court of Appeals interpreted this as another § 2255 motion, and denied the successive motion on January 7, 2013.

Petitioner filed the instant §2241 petition for a writ of habeas corpus on May 2, 2013, in the Eastern District Court of Pennsylvania, and it was then transferred to this federal Court.

### III. Claims of Habeas Petition.

In his petition and supporting brief, Petitioner Schreane alleges four separate grounds for habeas relief. On these grounds, Petitioner asks that his Petition for Writ of Habeas Corpus be granted. Initially, Petitioner alleges that upon his arrest, in December of 1997, he was "handcuffed and placed in the backseat of law enforcement vehicle, for over three hours without the benefit of the requirement of *Miranda*. Upon initially arresting Mr. Schreane, law enforcement office (sic) had a constitutional affirmative duty to warn Mr. Schreane." (Doc. 1, p. 10). As such, Petitioner contends that his arrest was unlawful.

Next, Petitioner contends that his custody is unlawful because he was "convicted/sentenced in violation of his Sixth Amendment [right] to have a pretrial." (Id. at p. 11). Petitioner basically

avers that he was unable to raise certain evidentiary arguments at the pretrial stage, and, as such, he alleges various evidence was wrongly admitted, leading to his conviction.

Third, Petitioner claims that he was illegally held in state custody in violation of the Interstate Agreement on Detainers. (Id. at pp. 13-14). Petitioner Schreane alleges the following, "United States maintain that the [I.A.D.] provides that once defendant is brought before the Magistrate U.S. District Court upon federal charges he must be held in federal custody until the federal proceeding are concluded[.] If the defendant is returned to state custody prior to trial the federal charges against him must be dismissed..." (Id. at p. 15). Petitioner argues that prior to his federal trial, he was returned to state custody to await federal trial, and accordingly, asserts that this should have warranted his federal charges dismissed with prejudice.

Finally, Petitioner argues that the prosecution, at the time of his trial, "withheld exculpatory evidence that was material and relevant." (Id. at p. 18). This constitutes a so-called *Brady* violation, under *Brady v. Maryland*, 373 U.S. 83 (1963). As such, Petitioner asserts that both his conviction and sentence are illegal and should be overturned.

**IV. Discussion.**

Initially, as noted, the only correct Respondent in this case is Jeff Thomas, Warden at USP-Lewisburg. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004). Thus, Respondents United States of America and the United States District Court for the Eastern District of Tennessee should be dismissed.

We find that Petitioner Schreane's present § 2241 habeas petition should be dismissed for lack of jurisdiction. The Third Circuit Court has explained, "What is relevant for our purposes is that unlike

5

§ 2255, which only confers jurisdiction over 'challenge to the validity of the petitioner's sentence' we have held that § 2241 'confers habeas jurisdiction to have the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'" *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). Petitioner in the instant case is challenging the validity of his sentence, and not the execution of that sentence, therefore a § 2241 motion is not the proper remedy. To the extent Petitioner raises a claim regarding his detention under the I.A.D., we find that claim is related to the validity of his sentence, and not its execution, therefore a § 2241 habeas petition is still not the proper remedy.

In his habeas petition, Petitioner states that a § 2255 remedy is inadequate because the District Court for the Eastern District of Tennessee ruled his §2255 motion was time-barred in December of 2004. (Doc. 1, p. 3). Petitioner fails to mention entirely that he attempted to file several successive § 2255 motions, but that his requests for permission to do so were denied by the Sixth Circuit Court of Appeals. Further, the Third Circuit Court has held, "[a]lthough a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be 'inadequate or ineffective,' a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements," which includes the statute of limitations. *Rivera v. Scism*, 438 Fed. Appx. 154, 156 (3d Cir. 2011). Further, the Third Circuit Court held that,"the fact that [petitioner] is unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion 'inadequate or ineffective.'" *Id*.

As stated, in the present case, Petitioner Schreane has filed a §2241 Petition for a Writ of Habeas Corpus challenging his sentence. In *Parke*, an inmate attempted to challenge his life

6

sentence improperly through a § 2241 habeas petition, claiming constitutional violations at trial and his alleged factual innocence, just as Petitioner Schreane in the instant case does, and the Third Circuit affirmed the District Court's finding that a § 2255 motion was the proper remedy. The Third Circuit stated that "[a]ll of [petitioner's] claims could have been raised in his first § 2255 motion since they are based on alleged constitutional error at trial and on direct appeal. Nor do [Petitioner's] claims of factual innocence...make § 2241 available to him." *Parke v. Kirby*, 441 Fed. Appx 64 (3d Cir. 2011).

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District

7

Court was without jurisdiction to consider the merits of his petition." *Id*. at 104; *see also Middleton v. Ebbert*, 2011 WL 4048777 (M.D. Pa. Sept. 12, 2011).

Presently, we find that Petitioner Schreane has made no showing that a § 2255 motion is "inadequate or ineffective" to raise his present habeas claims as required by *Dorsainvil*. Nor does he present a constitutional issue substantial enough to invoke the court's reasoning in *Green* in allowing an inmate to challenge his sentence under § 2241. As such, we find that § 2255 is the proper means for Petitioner Schreane to challenge his sentence.

Further, we find that Petitioner Schreane's recourse is still a §2255 motion even though the Sixth Circuit Court of Appeals has repeatedly denied his motions to file successive § 2255 motions, pursuant to 28 U.S.C. § 2244(b)(3).

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy
> provided by section 2255 is inadequate or ineffective to test the
> legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*,
> *supra*. A section 2255 motion is not
> "inadequate or ineffective" merely because the sentencing court
> has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner
> cannot meet the gatekeeping requirements of section 2255, *Okereke v.
> United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above,
> Sperling has already filed three unsuccessful motions pursuant to
> section 2255 in the sentencing court, and at least two applications
> to the Second Circuit for permission to file another, all of which
> essentially raised the same claims he raises here. However, the fact
> that Sperling cannot prevail under section 2255 does not render it
> "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at
> 539. Therefore, the District Court properly dismissed Sperling's
> petition pursuant to 28 U.S.C. § 2241.

In the instant case, even though Petitioner Schreane has already filed a § 2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy again. Despite the fact that he did file a previous § 2255 motion as to his sentence, and has attempted to file successive motions, he also does not establish the inadequacy or ineffectiveness of the remedy itself. *See Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from the circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, *supra* (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

Thus, we will recommend that the District Court summarily dismiss Petitioner Schreane's habeas petition under Rule 4 since we find that Petitioner's proper recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the First Circuit

Court of Appeals. *See Moore-Bey v. Ebbert, supra; Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.); *Bush v. Elbert*, 299 Fed. Appx. 147 (3d Cir. 11-14-08)(Third Circuit found that inmate's remedy for his claim that his federal sentence was improperly enhanced under the ACCA was a §2255 motion).

Petitioner Schreane's present habeas claims are clearly an attack on the legality of the sentence imposed on him by the United States District Court for the Eastern District of Tennessee. Thus, Petitioner cannot "evade the gatekeeping requirements of §2255 by seeking relief under §2241." *Bush v. Elbert*, 299 Fed. Appx. at 149; *Middleton, supra*. Given the Petitioner's repeated unsuccessful attempts to file successive § 2255 motions with the Sixth Circuit Court of Appeals, we are particularly persuaded by the Court's reasoning in *Bush*, in finding that Petitioner is attempting to couch his § 2255 claims in a § 2241 habeas petition as an improper alternative remedy.

Based upon the above stated well-settled case law, we shall recommend that Petitioner Schreane's Habeas Corpus Petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V.     Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Schreane's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.


          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: July 3, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-1643** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERIRCA, | : | |
| *et al.*, | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **July 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

   **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 3, 2013**