**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLARENCE D. SCHREANE,

    Petitioner,

        v.

UNITED STATES OF AMERICA, *et al*.,

    Respondents.

CIVIL ACTION NO. 3:CV-13-1643

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 5) to the Petition for Writ of Habeas Corpus filed by Petitioner Clarence D. Schreane ("Petitioner") pursuant to 28 U.S.C. § 2241. Because Petitioner's claims are not properly brought pursuant to § 2241, the Report and Recommendation will be adopted and the Petition will be dismissed.

## I. Background

As set forth in greater detail in Magistrate Judge Blewitt's Report and Recommendation, Petitioner, an inmate at USP-Lewisburg in Lewisburg, Pennsylvania, was convicted of violations of 18 U.S.C. § 922(g)(1) and § 924(e) by a jury in the United States District Court for the Eastern District of Tennessee on January 10, 2001. Petitioner was subsequently sentenced to a term of 327 months incarceration and five years supervised release. Petitioner appealed the sentence to the United States Court of Appeals for the Sixth Circuit. The appeal was denied and the district court's judgment of sentence was affirmed. Thereafter, Petitioner's petition for a Writ of Certiorari was denied.

Petitioner then filed an initial § 2255 motion to vacate his sentence, which the Eastern District of Tennessee denied as time-barred by the statute of limitations. Petitioner has since filed multiple successive motions to vacate his sentence. Petitioner's successive motions were denied by the Sixth Circuit.

On May 2, 2013, Petitioner filed the instant § 2241 Petition.[1] On July 3, 2013, Magistrate Judge Blewitt issued the Report and Recommendation recommending that the Petition be dismissed for lack of jurisdiction. (Doc. 5.) Petitioner filed objections to the Report and Recommendation on August 1, 2013. (Doc. 7.) The objections to the Report and Recommendation are now ripe for disposition.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

---

[1] As noted by Magistrate Judge Blewitt, the proper Respondent in this case is Jeff Thomas, Warden at USP-Lewisburg.

## III. Discussion

Magistrate Judge Blewitt recommends that the Petition be dismissed for lack of jurisdiction. According to the Magistrate Judge, Petitioner is challenging the validity, as opposed to the execution, of his sentence. Thus, the Magistrate Judge concludes that Petitioner's proper recourse is to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the appropriate court of appeals instead of seeking relief by way of § 2241.

The Report and Recommendation will be adopted in its entirety. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255; *see Dorsainvil* 119 F.3d at 251-52. A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test that validity of his detention." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); 28 U.S.C. § 2255(e). However, "§ 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" of § 2255. *Cradle*, 290 F.3d at 539. Once relief is sought via § 2255, an individual is prohibited from filing a second or subsequent § 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h). Additionally, if a petitioner improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, as detailed by Magistrate Judge Blewitt, Petitioner's present habeas claims are an attack on the validity of the sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Petitioner's proper recourse, therefore, is to file a second or successive § 2255 motion pursuant to § 2244(b)(3) with the appropriate court of appeals. As such, the Petition will be dismissed for lack of jurisdiction.

### IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and Petitioner's § 2241 Petition will be dismissed.

An appropriate order follows.


September 18, 2013                      /s A. Richard Caputo
Date                                    A. Richard Caputo
                                          United States District Judge